# CHARLESTON.

TYGART'S VALLEY BANK *v.* TOWN OF PHILIPPI *et al.*

Submitted June 16, 1893.—Decided November 15, 1893.

1. TAXES—MUNICIPAL CORPORATIONS—INJUNCTION.

   If a municipal corporation in taxing property acts *ultra vires* by taxing property which it has no right to tax, beyond the limit fixed by the organic law conferring the power to tax, a court of equity will on a bill filed by the owner of the property so illegally or excessively taxed enjoin the collection of the taxes illegally assessed.

2. TAXES—MUNICIPAL CORPORATIONS—INJUNCTION.

   A court of equity has jurisdiction in such a case to remove a cloud from the title of real estate where the property assessed is partly of that character.   It also has jurisdiction to restrain the collection of such taxes so illegitimately assessed because the action of the municipal corporation was *ultra vires.*

W. T. ICE and DAYTON & DAYTON for appellant :
I.—*Cloud on Title.*—Code c. 47, s. 35 ; 16 W. Va. 527 ; 23 W. Va. 667 ; 23 W. Va. 698.
II.—Ultra Vires *Action.*—Dill. Mun. Corp. (3d Ed.) § 922 ; 8 Eng. Chy. (4 Myl. & Craig, 249) ; 23 W. Va. 667 ; Code c. 29, s. 100 ; Code c. 47, s. 31.

J. H. WOODS for appellee cited : Code c. 133, s. 13 ; Code c. 47, s. 36 ; Code c. 110, s. 2 ; 9 W. Va. 162 ; 26 W. Va. 583 ; 7 W. Va. 329 ; 35 W. Va. 458 ; Cool. Tax. (2d Ed.) 360, 747, 753, 758, 759, 762 ; High Inj. §§ 365, 366 ; 14 N. Y. 535 ; 48 N. Y. 513 ; 24 W. Va. 615 ; Id. 283 ; High Inj. §§ 484, 485, 487 ; 23 W. Va. 667 ; 18 W. Va. 472 ; 75 Ill. 292 ; 49 Cal. 414 ; Code c. 29 ; 9 Cow. 507 ; 15 Johns. 380 ; 3 How. (U. S.) 576 ; 1 McCord 546 ; 10 Ga. 190 ; 1 H. & M. 8 ; 6 W. Va. 107 ; 11 W. Va. 694 ; 22 W. Va. 356 ; p't 1, Syl.

ENGLISH, PRESIDENT:

This was a suit in equity, brought by the Tygart's Valley Bank, a corporation formed under the laws of the State of West Virginia, against the town of Philippi, a municipal corporation under the laws of this state, in the Circuit Court of Barbour county, seeking to restrain and enjoin the defendant from the collection of one hundred and forty five dollars, which is the residue of a tax-ticket of six hundred and five dollars and seventy five cents, which the plaintiff claims the defendant exceeded its legal powers in assessing against its real and personal estate, which was assessed the same year for state, county and district purposes at forty six thousand and seventy five dollars.

The bill alleges in substance, that the plaintiff is a duly chartered corporation under the laws of the state of West Virginia and engaged in a general banking business in said town of Phillippi;—that said town is a municipal corporation under the laws of the State of less than ten thousand inhabitants;—that the plaintiff is the owner in fee of a lot within the limits of said municipal corporation, upon which stands a two-story brick building, in which its general banking business is conducted;—that said banking building and lot, upon which the same is situated, are assessed for the year 1892 for state, county and district taxation purposes at the value of one thousand and seventy five dollars and the said plaintiff is further assessed for state, county and district purposes as and for its personal property and value of its stocks, bonds, *etc.*, for the same year upon a valuation of forty five thousand dollars, making a total valuation of forty six thousand and seventy five dollars taxable property within the limits of said municipal corporation assessable and subject to taxation as shown by the assessor's books of said county, and as regularly assessed for state, county and district purposes as aforesaid;—that both by the general law of this state governing cities, towns and villages of less than ten thousand inhabitants, as also by a district ordinance of said municipal corporation, the town of Philippi, it is expressly provided that all tax-levies for the purposes of said municipal corporation shall be made upon values assessed for state

and county purposes, and not otherwise;—that notwithstanding these plain provisions of the law of the state and the ordinances of the said town the said defendant corporation acting by and through its town-council on the —— day of ——, 1892, appointed the defendant John II. Daniels assessor for said town, and the said Daniels, utterly disregarding said law and his duty in the premises, and wholly ignoring the assessment for state and county purposes, assessed the real property of the plaintiff at one thousand and seventy five dollars and the personal property, stocks, bonds, *etc.*, of plaintiff at fifty nine thousand five hundred dollars, or a total assessment of sixty thousand five hundred and seventy five dollars upon the real and personal property of plaintiff, being an excess of fourteen thousand five hundred dollars over the assessment made for county and state purposes;—and that the said municipal corporation subsequently upon said illegal assessment made by said Daniels levied a tax against the said plaintiff for municipal purposes of one dollar upon the one hundred dollars of said value and assessment ascertained by said town assessor Daniels, and caused a tax-bill for the sum of six hundred and five dollars and seventy five cents to be made out and placed in the hands of the said John H. Daniels, whom they had also appointed tax-collector, for collection;—and that the said Daniels had not only demanded payment thereof, but had been actively engaged in seeking to enforce collection.

Plaintiff also alleged that under the organic law of the state said municipal corporation was prevented from levying a higher rate than one dollar on the one hundred dollars of values ascertained for state and county purposes, and by the same laws of the state all assessments, fines and penalties imposed by the authorities of such municipal corporations were expressly made liens upon the real estate, and as such liens have priority over all other liens except the liens for taxes due the state, county, and district;—and plaintiff charged that the illegal levy so made and based upon the illegal assessment aforesaid constituted a lien upon the real estate of the plaintiff situated within the limits of said municipal corporation.

Plaintiff further alleged, that recognizing the right of said defendant corporation to levy a rate of one dollar upon the hundred upon the values ascertained for state and county purposes the plaintiff on the 17th day of December, 1892, before the institution of this suit tendered to the said John H. Daniels through its agent and cashier the sum of four hundred and sixty dollars and seventy five cents, the amount of one dollar on forty six thousand and seventy five dollars, the value of the real and personal estate as assessed against it for state and county purposes, which tender was made by said plaintiff to be in full of the assessment for the said year 1892 due from it to the said corporation;—that the said John H. Daniels, when said tender was made, refused to accept the same as being in full of said assessment and levy, but unlawfully seized upon the same, stated it should be credited upon said tax-bill, and was seeking to collect the remainder of said bill, to wit, the sum of one hundred and forty five dollars from the plaintiff.

The plaintiff also charged, that the remaining portion of said tax-bill was wholly illegal, null and void, but that the same constituted a cloud upon the title of the said plaintiff's real estate; and the plaintiff prayed that the defendants might be enjoined from collecting the remaining one hundred and forty five dollars of said tax-bill until the matters therein set forth might be enquired of, and that they might be perpetually enjoined and restrained from its collection, and the cloud thereof on the title to plaintiff's said real estate be wholly removed, *etc.*

The defendants filed a demurrer to the plaintiff's bill and also filed their answers, putting in issue the material allegations of said bill, and gave notice of a motion to dissolve said injunction in vacation, which motion having been heard on the 28th day of January, 1893, the demurrer to said bill was sustained, the injunction was dissolved; and from this decree the plaintiff applied for and obtained this appeal.

The first error assigned and relied on by the appellant is the action of the court in sustaining said demurrer to the plaintiff's bill. Looking merely to the form of the bill, we

find it in all respects conforms to the statute as prescribed in section 27 of chapter 125 of the Code. It is however, contended by counsel for the appellees that the demurrer should have been sustained for want of equitable jurisdiction.

Now, it is charged in the bill that both by the general law of this state governing cities, towns, and villages of less than ten thousand inhabitants, as also by ordinance of said municipal corporation (the town of Philippi) it is expressly provided that all tax-levies for the purposes of said municipal corporation shall be made upon values assessed for state and county purposes; and if this allegation was not, for the purpose of considering the demurrer, to be regarded as true, when we turn to the statute (section 100 of chapter 29 of the Code) we find it expressly provided that "taxes for county, district, city, town and village purposes shall be levied only upon the values of property ascertained for state purposes, provided this section shall not apply to taxes for city purposes in cities of more than ten thousand inhabitants;" and it is distinctly alleged in the bill that said town of Philippi is a municipal corporation under the laws of the state of West Virginia, of less than ten thousand inhabitants. It is also alleged that the real estate of the appellant for the year 1892 was asssssed for state, county and district purposes at the value of one thousand and seventy five dollars, and its personal property and value of its stocks, bonds, *etc.*, for the same year upon a valuation of forty five thousand dollars, making a total valuation of forty six thousand and seventy five dollars taxable property within the limits of said municipal corporation assessable and subject to taxation as shown by the assessor's books of said county and as regularly assessed for state county and district purposes, as aforesaid; and notwithstanding these facts the assessor of said municipal corporation assessed the real property of the appellant at one thousand and seventy five dollars, and the personal property, stocks, bonds *etc.*, at fifty nine thousand five hundred dollars, making a total assessment upon the real and personal property of appellant of sixty thousand five hundred and seventy five dollars, being an excess of fourteen thous-

and five hundred dollars over the assessment made for state and county purposes; and said municipal corporation levied a tax of one dollar upon the one hundred dollar valuation thus assessed and placed in the hands of its collector, who was seeking to enforce its collection.

By section 36 of chapter 47 of the Code, "their shall be a lien on real estate within such city, town or village for the city, town or village taxes assessed thereon and for all other assessments, fines and penalties assessed or imposed upon the owners thereof by the authorities of such city, town or village from the time the same are so assessed or imposed which shall have priority over all other liens, except the lien for taxes due the state, county and district and may be enforced by the council in the same manner now provided by law for the enforcement of the lien for county taxes or in such other manner as the council may by ordinance prescribe."

The plaintiff, in his bill, alleges that the amount of said tax bill in excess of four hundred and sixty dollars and seventy five cents, to wit, the sum of one hundred and forty five dollars, is wholly illegal, null and void, but that the same constitutes a cloud upon the title of the said plaintiff's real estate.

The question then, for our consideration is whether equity has jurisdiction by way of injunction in this state of facts to restrain the collection of said sum of one hundred and forty five dollars, which is in excess of the amount, with which said property was legally chargeable.

In the case of *City of Richmond* v. *Crenshaw*, 76 Va. 936, it was held (second point of syllabus). "By a long course of decisions it has been settled that the remedy against the attempt to coerce the payment of an illegal tax is by injunction."

Can there be any question as to the fact that the tax is illegal which said municipal corporation sought to enforce the payment of, as set forth in the pleadings in this case? There can be but one answer to this question. It was tax levied in contravention of the plain provisions of the statute. Said town transcended its powers by levying its rate beyond the limit prescribed by law. Dillon (2 Mun. Corp. § 922) says: "Upon a survey of decisions in Great Britian

and the United States, while they exhibit some diversity of opinion, it seems to us, in view of the nature of municipal powers, the danger of abuse, the necessity for prompt remedy on the part of those most interested in the proper administration of municipal affairs, to wit, the taxable inhabitants, that the following conclusions rest upon a sound reason, and have also the support of the decided preponderence of judicial authority: (1) The proper parties may resort to equity, and equity will in the absence of restrictive legislation entertain jurisdiction of their suit against municipal corporations and their officers, when these are acting *ultra vires*, or assuming or exercising a power over the property of the citizen or over corporate property or funds, which the law does not confer upon them, and where such acts affect injuriously the property owner or the taxable inhabitant."

Pomeroy, in his valuable work on Equity Jurisprudence, [volume 1, (2d Ed.) § 260] in treating of this question, says: " In a large number of the states the rule has been settled in well-considered and often-repeated adjudications by courts of the highest character for ability and learning that a suit in equity will be sustained when brought by any number of taxpayers joined as coplaintiffs, or by one taxpayer suing for himself and all others similarly situated, or sometimes even by a single taxpayer suing on his own account, to enjoin the enforcement and collection, and to set aside and annul any and every kind of tax or assessment laid by county, town, or city authorities, either for general or special purposes, whether it be entirely personal in its nature and liability or whether it be made a lien on the property of each taxpayer, whenever such tax is illegal. * * * In the face of every sort of objection urged against a judicial interference with the governmental and executive function of taxation, these courts have uniformly held that the legal remedy of the individual taxpayer against an illegal tax either by action for damages, or perhaps by *certiorari*, was wholly inadequate; and that to restrict him to such imperfect remedy would in most instances be a substantial denial of justice which conclusion is, in my opinion, unquestionably true."

It is claimed by the appellant in its bill that the taxes illegally assessed upon its land created a cloud thereon, and that this fact would confer jurisdiction upon a court of equity. This position, however, is earnestly controverted by counsel for the appellee. This is no longer an open question in this state, as we find that this Court held in the case of *Powell* v. *City of Parkersburg*, 28 W. Va. 698, "that, as taxes assessed on real estate without any lawful authority create a cloud upon the title thereof, a court of equity will for that cause alone entertain a bill to remove the cloud by perpetually enjoining the collection of such illegal taxes."

The only question then, is whether said sum of one hundred and forty five dollars was illegally assessed against the appellant's property. If so, it creates a lien upon the real estate and is expressly so declared to be by statute, whether it was assessed upon the value of the realty or personalty, and, as we have seen, constitutes a cloud upon the title, which alone would confer jurisdiction upon a court of equity.

So, also in the case of *Christie* v. *Malden*, 23 W. Va. 667, this Court held in the third point of the syllabus: "If a municipal corporation erroneously or illegally taxes property which it has the power to tax in a proper manner, the remedy for such error must be sought generally in a court of law; but if it acts *ultra vires*, by taxing property not subject to taxation, or taxes property which it may tax beyond the limit fixed by the organic law conferring the power to tax, a court of equity will, on a bill filed by the owner of the property so illegally or excessively taxed, enjoin the collection of such taxes."

In the case we are considering said municipal corporation taxed property, which it might tax, beyond the limit fixed by law conferring upon it the power to tax, and under the authority just cited a court of equity would enjoin the collection of such taxes.

SNYDER, J., in delivering the opinion of the court in *Christie* v. *Malden, supra,* says: "The distinction established and recognized by the decisions between the cases, in which equity will and in which it will not take jurisdiction, is well defined by Lord Cottenham in *Frewin* v. *Lewis*, 4 Myln & C. 249, 255. He says: 'So long as the public

functionaries strictly confine themselves within the exercise of those duties which are confided to them by law, this (chancery) court will not interfere  *  *  *  to see whether any regulation they make is good or bad, but if they are departing from that power which the law has vested in them, if they are assuming to themselves a power over property which the law does not give them, this court no longer treats them as acting under the authority of their commission, but treats them, whether they be a corporation or individuals, merely as persons dealing with property without legal authority.    While the court avoids interfering with what they do while keeping within the limits of their jurisdiction, it takes care to confine them within those limits; if they go beyond the line of their authority, and infringe or violate the rights of others, they become, like all other individuals, amenable to the jurisdiction of this court by injunction.'"    See High, Inj. § 1241; *Carter* v. *City of Chicago*, 57 Ill. 288.

In the case before us the allegations made in the bill in the light of the authorities I have cited in my opinion clearly confer jurisdiction upon a court of equity to restrain the collection of the taxes improperly assessed, for the reason that the act of making such assessment was *ultra vires*, and for the further reason that such assessment cast a cloud upon the appellant's title to said real estate, which it had a right to come into a court of equity to have removed.

We are therefore of opinion that the court erred in sustaining the demurrer to plaintiff's bill, and in dissolving said injunction.    The decree complained of must therefore be reversed, and the case remanded, with costs to the appellant.