Under chapter 180 of the Session Laws of 1868, authority was given to the county courts of certain counties to entertain an appeal by an owner of land in such counties respectively who had been or should be assessed by the commissioners under certain drainage acts, and who should feel himself aggrieved by such assessment. Upon the appeal it was made the duty of the court to review the assessment upon such proofs as should be presented at the hearing, and power was given to affirm, reverse, set aside or modify the assessment, if it should be found that the lands assessed were not and would not be benefited by the work, or if it should appear that the rule of the apportionment of the assessment was erroneous. One Matthew H. Smith, an owner of lands in Jefferson county, and who was assessed in respect thereto, feeling aggrieved, appealed in due form to the County Court of Jefferson county. On the appeal evidence was produced tending to show that the commissioners had in fact adopted, as a rule of apportionment, the rule that each acre of land within their survey and affected by the work should bear an equal part of the charge of the work. It appeared in proof that the lands assessed were situated on Black Lake and its tributaries, and in the aggregate comprised several thousand acres, and made over 300 separate parcels, which were assessed to different owners; that these lands extended over a distance of twenty miles and more; that, before the commencement of the drainage, part were arable lands, and were used for pasture and meadow, part were covered with timber, some valuable and some worth *Page 606 
less, part produced nothing but flags and rushes, and common wild grass; that some of the lands were barely above the surface of the water at its ordinary level, and were covered with water a great part of the year, and that other parts were from four to six feet above the ordinary level of the water and were overflowed only a short time in the spring floods. The value of the lands ranged from nothing to seventy-five dollars per acre. On the other hand the commissioners certified, and one of them testified, that they had apportioned the expenses of the work according to their judgment of the value of the benefit from the work to the respective parcels of land, and that they had, upon examination, determined that each acre of land was benefited to the same amount. It was not pretended that they had made a determination of the value of the benefit to each parcel of land assessed, and upon comparing the deternations had found, that they disclosed an equal benefit per acre to all or nearly all the lands assessed. On the contrary, as the commissioner who was examined testified, they estimated the benefit to the lands assessed to be the same per acre as against all the persons assessed, with the exception of certain village lots in Rossie and two parcels of farming land. The village lots, whether of half an acre or one-fifteenth of an acre, were assessed at not less than $3.26, and the two parcels of farming land at $1.62 per acre; being just one-half of the rate of the village lots. The commissioner testified that they computed from the total expenditure and the total benefit the rate per cent to be levied, and found the fraction to be .3264; and that the tax against each parcel was arrived at by multiplying this fraction by the amount of benefit each parcel of land would receive. But the case discloses that the appellant's land consisted of 33 1/3 acres, and that they fixed the benefit his lands would receive at $325. He was assessed $108.34. Now, that is not the product of the benefit multiplied by the fraction which the witness says was employed to ascertain the tax. That would be $106.08. The tax was arrived at in a different way. It was imposed at the rate of *Page 607 
$3.25 per acre on 33 1/3 acres. This single case, with the acknowledgment of the commissioner that they fixed the benefit per acre at the same sum, notwithstanding the different character of the different parcels of property, may be regarded as showing that the commissioners adopted, as a rule of assessment, an apportionment per acre, and not, as they professed, an apportionment according to the benefit derived from the improvement. Under the statute the question was an open one before the County Court to determine upon the evidence whether it appeared that an erroneous rule of assessment had been adopted. That court was not concluded by the return of the commissioners nor by the testimony of the one who was sworn. It was to determine, on the proofs, what rule was adopted, and was then to decide whether the rule thus adopted was erroneous. Considering all the evidence, it has decided that the rule by which the commissioners professed to govern themselves was not that which they in fact applied; and in so doing has extended to the appellants, in that court, the exact measure of protection which the statute required it to afford — for the requirement of the statute was substantial, not formal, and an assessment per acre was not an assessment according to benefit, though disguised in that form. We are of opinion that the County Court, in making the decision in question, was acting within the jurisdiction expressly conferred upon it, and that the proofs before it not only justified but required the decision which was made; and that the duty of apportioning the assessment according to a real and not a formal judgment of benefit cannot be evaded without disregard of the law.
No appeal is given by the statute from the decision of the County Court, but the proceedings were by common-law certiorari brought into the Supreme Court, where the decision of the County Court was affirmed. The same judgment must be rendered in this court.
The judgment should be affirmed.
All concur.
Judgment affirmed. *Page 608