Byram *et al. v.* Foley.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

---

## BYRAM ET AL. *v.* FOLEY.

[No. 2202. Filed May 26, 1897.]

SEWERS.—*Collateral Drains.—Assessments.—Complaint for Collection of Assessments.—Statute Construed.*—Property abutting on an alley through which a collateral drain to a local sewer has been constructed may be assessed for the construction of such local sewer, under section 3857, Burns' R. S. 1894. *pp. 632–635.*

SAME.—*Assessments for Construction.—Remonstrance.—Collateral Attack.*—Section 3856, Burns' R. S. 1894, confers upon the board of public works of the city of Indianapolis the power to assess property for the construction of local sewers and collateral drains, and also provides a remedy for the property owner by permitting him to remonstrate within a time fixed by statute, and if the property owner fails to avail himself of his right to remonstrate, he has had his day in court, and in an action to enforce the lien of the assessment he cannot attack the assessment by an answer averring that his property was not benefited. *p. 636-*

SAME.—*Jurisdiction of Board of Public Works to Make Assessments. —Collateral Attack.—Statute Construed.*—The assessment for the construction of a sewer in the city of Indianapolis is within the jurisdiction of the board of public works, under the act of March 6, 1891, and acts amendatory thereto, and its acts are conclusive, in the absence of fraud, and such assessment cannot be declared void in a collateral attack. *p. 637.*

SAME.—*Action by Contractor to Enforce the Collection of Assessments. —Presumption of Regularity.—Collateral Attack.*—In a collateral attack upon the right of a contractor to enforce the assessment for the construction of a sewer, every presumption will be indulged in favor of the action of the city through it board of public works, and unless the complaint discloses a state of facts which shows clearly that the assessment is void, its regularity will be presumed. *p. 637.*

SAME.—*Double Assessment.—Statute Construed.*—Property abutting on a street on which a local sewer has been constructed may be assessed for the payment thereof under section 3857, Burns' R. S. 1894, notwithstanding such property had previously been assessed for the construction of a sewer. *pp. 637–639.*

From the Marion Superior Court. *Affirmed.*

*Chas. E. Averill,* for appellants.

*E. A. Parker,* for appellee.

WILEY, C. J.—January 19, 1894, the board of public works of the city of Indianapolis, adopted a resolution declaring the necessity of, and providing for the construction of a local sewer. That resolution was as follows:

"Resolved, by the board of public works of the city of Indianapolis, that the construction of a local sewer intended and adapted only for local use by the property holders whose property abuts thereon, and not intended or adapted for receiving sewage from collateral drains, be, and the same is hereby ordered in and along the following streets and alleys, to-wit:"

Then follows a description of the route of the main and lateral sewers, and the character of the proposed work.

The proceedings were had under the act approved March 6, 1891, and the amendatory acts thereto, providing for the incorporation and government of cities having more than one hundred thousand population according to the United States census last preceding the original act. Such proceedings were had before the board of public works as that the contract for the construction of said sewer was let to the appellee, who completed the work to the approval and acceptance of the board. Certain property owned by appellant, Norman S. Byram, was assessed for the construction of the sewer, and the appellee prosecuted his action below to enforce the lien of the assessment and to recover judgment for the amount found to be due.

It is not necessary to set out the complaint at length, as it is enough to say that it sets out in detail

all the acts and orders of the board fixing the lien on appellants' property, and is accompanied by a copy of the original resolution, specifications and plans, the assessments, and a plat as exhibits thereto. The appellants attacked the sufficiency of the complaint by a demurrer, which was overruled, and they excepted. They then answered in two paragraphs: (1) general denial; (2) that the lots owned by appellant, Norman S. Byram, and against which it was sought to enforce a lien, were situated on Illinois street in said city, in which said street, prior to the letting of the contract for the construction of the sewer in question, a local sewer had been constructed by the authority of said city, adequate for the use of the property on said Illinois street, including the lots of appellant described in the complaint. It was further averred in the answer that the sewer for which an assessment was sought to be enforced was a local sewer, and that no plat of any district to be drained by said sewer was ever made, or caused to be made by the board of public works of said city, nor was any attempt ever made to require any other property fronting on said Illinois street to pay or become liable for any part or portion of the cost of said sewer, "but that said lots owned as aforesaid by said defendant, Norman S. Byram, were and are the only lots abutting on said Illinois street against which an assessment was made for said sewer."

The appellee demurred to this second paragraph of answer, which demurrer was sustained and appellants excepted. The overruling of the demurrer to the complaint, and the sustaining of the demurrer to the second paragraph of answer are the only errors assigned.

As substantially the same question is raised by each assignment of error, they may both be considered to-

gether.   The real question to be decided is fairly and forcibly stated by counsel for appellants in his brief as follows:

"Had the board of public works   *   *   *   in 1894, and under the provisions of the statute then in force, the power and authority to assess the property on Illinois street for the payment of a sewer in Tennessee street,. by including in the original resolution, and all subsequent proceedings, a small collateral drain, and thus bring within the scope of the assessing ·power, property not benefited by the proposed sewer for the reason that it was situate upon another street parallel to the one upon which the proposed local sewer was to be constructed?"

For the solution of this question, we must look, primarily, to the statute itself.   By the act approved March 6, 1891, and the amendatory acts thereto, provision is made whereby the board of public works of the city of Indianapolis are authorized to have constructed two specific kinds of sewers.

Section 3856, Burns' R. S. 1894 (6898, Horner's R. S. 1896), provides, generally, for the construction of sewers.   Section 3857, Burns' R. S. 1894 (6899, Horner's R. S. 1896), is as follows:   "Whenever any such sewer shall, from its size and character, be intended and adapted only for local use by property holders along the line of the street or alley on which it is constructed, and, in the opinion of such board, it is not intended or adapted for receiving sewage from collateral drains, then, and in that case, the whole cost of said sewer, and all appurtenances shall be paid for by the holders of property abutting on the street, alley or public highway, on which said sewer shall have been constructed. The cost of such sewer shall be estimated according to the total number of square feet of property abutting on the line of said sewer, and such

cost shall be apportioned on the lands or lots abutting thereon, in the proportion that their area bears to the total assessed area."

Section 3858, Burns' R. S. 1894 (6900, Horner's R. S. 1896), provides for the construction of general sewers embracing a certain area or a fixed district, and all the property within such area or district is made liable to an assessment for the construction of the work. In the present case the original resolution adopted by the board of public works fixed the character of the sewer for the construction of which the appellants' property was assessed. The proposed improvement, under the express provisions of the statute, was local in its character, and hence the powers of the board of public works to assess property for its construction was governed and must be controlled by section 3857, *supra,* and we must look to that section for the power and authority of the board of public works to assess appellants' property.

If the complaint does not affirmatively show that appellants' property abuts upon the line of the sewer or upon the line of a collateral thereto, then such property was not subject to assessment for its construction, and if such be the fact, then the complaint did not state a cause of action against the appellants. If, however, it does appear from the complaint and the exhibits thereto that the appellant's property did abut upon the proposed sewer, or one of the collaterals thereto, then such property was subject to assessment and the complaint was good, unless there is some exception to the general rule. The route of the sewer, as fixed by the original resolution, and as specifically described in the complaint, is as follows: "Beginning in the center of Tennessee street at the north line of St. Clair street, then extending north in Tennessee street to the south line of Seventh street; also

beginning at the center of Tennessee street and extending east in each of First street, Third street, Fourth street, Fifth street, and Sixth street, to the first alley east of Tennessee street; also beginning in the center of Tennessee street and extending east in the first alley north of Sixth street to the first alley east of Tennessee street, then north in said alley to the south property line of Seventh street; also beginning in the center of Tennessee street and extending west along the south line of Seventh street to a point 195 feet west of the west property line of Tennessee street."

Th appellants' property is described in the assessment roll and in the complaint as "Lot number three, and the south half of lot number two, in block 29, of Drake's addition to the city of Indianapolis." From the allegations of the complaint and the exhibits therewith filed, it clearly appears that appellants' property fronts on Illinois street, and extends westward from the west line of Illinois street to the south line of the alley running north and south between Illinois and Tennessee streets. A collateral to the main sewer is described both in the original resolution and the complaint as beginning in the center of Tennessee street, extending eastward through the next alley north of Sixth street to the first alley east of Tennessee street and thence north in said alley to the south property line of Seventh street.

It clearly appears from these averments, descriptions, and exhibits, that appellants' property abuts on the alley leading south from the south property line of Seventh street between Illinois and Tennessee streets along which the collateral to said sewer last above described was constructed.

We must hold, therefore, that the appellants' property was within the plain letter of the statute subject

to assessment, on the ground that the sewer for which it was assessed was a local one, and the property of the appellant, Norman S. Byram, abutted upon an alley through which one of its collaterals was constructed.

Referring to the statute under which the sewer in controversy was constructed, appellants' learned counsel insist that it was the intention of the legis-- lature to impose such restrictions upon the board of public works that it could not bring within reach of the assessment, property which would not be benefited by the proposed work, and also to prevent an unjust burden from being placed upon property. In this contention counsel are probably correct. It is a well established rule that in the construction of statutes it is the prime object to ascertain and carry out the purpose of the legislature in enacting them. *City of Evansville* v. *Summers,* 108 Ind. 189, and cases there cited.

The statute under which these proceedings were had is a remedial statute, and, as was said in *State* v. *Canton,* 43 Mo. 48, "It is an established rule, applicable to the construction of all remedial statutes, that cases within the reason though not the letter of a statute shall be embraced by its provisions; and cases not within the reason, though within the letter, shall not be taken to be within the statute."

In *City of Evansville* v. *Summers, supra,* this rule was quoted with approval by the Supreme Court.

In so far as the facts appear by the record in the case now in hand, it was both within the letter and reason of the statute that an assessment should be made upon appellants' property for the construction of the sewer. It is the letter of the statute that property abutting upon such sewer shall be assessed for its construction, and it is certainly within the reason of

the statute that such assessment should be made. It is not denied by appellants' counsel that appellants' property does abut upon the alley through which a collateral of the main sewer passes, but he avers in his answer that the construction of the sewer did not benefit his property, for the reason that a local sewer had theretofore been constructed along Illinois street, upon which his said property fronts, adequate for the use of his said lots, etc.

After the work has been done and assessments made, it is too late to interpose the defense that the improvement did not benefit the property against which the assessments were made. Section 3856, (6898), *supra,* provides a remedy for the property owner by permitting him to remonstrate, if he do so within the time fixed by the statute, and if he fail to do so he must abide the decision of the board of public works.

In the language of the statute, "Such action shall be final and conclusive upon all owners or holders of property * * * intended to be drained and assessed for the construction of said sewer."

The board of public works in the city of Indianapolis, under the act of March 6, 1891, and the amendatory acts thereto, is clothed with power "to lay out, design, order, contract for and execute the construction, alteration and maintenance of all public drains or sewers." etc.

The statute further confers the power upon such board to assess property for the construction of such drains and sewers, and if the property owner fails to avail himself of his right to remonstrate, he has had his day in court, and in an action to enforce the lien of the assessment he cannot attack the assessment by an answer averring that his property was not benefited. This would be a collateral attack, and it has

been uniformly held in this State that it is not available.

The assessment for the construction of a sewer in the city of Indianapolis is within the jurisdiction of the board of public works under the act of March 6, 1891, and the amendatory acts thereto, and its acts are conclusive, in the absence of fraud, and such assessment can not be declared void in a collateral attack. See *Jackson* v. *Smith*, 120 Ind. 520.

In a collateral attack upon the right of a contractor to enforce the assessment for the construction of a sewer, every presumption will be indulged in favor of the action of the city through its board of public works, and unless the complaint discloses a state of facts which show clearly that the assessment is void, their regularity will be presumed. *City of Elkhart* v. *Wickwire*, 121 Ind. 331.

The only remaining question which the appellant, Norman S. Byram, discusses is that his second paragraph of answer averred that his property had previously been assessed for the construction of a sewer, and that the subsequent assessment constituted a double assessment, and for that reason the board of public works had no power to assess it again, and that the latter assessment, for that reason, is void.

A simple illustration will make plain that in this contention appellant is without support either in reason or authority. Suppose appellant owned, in the city of Indianapolis, an unplatted square of ground, and that it was bounded on all four sides by streets; that along one of the streets a sewer had been constructed, and his property had been assessed therefor; that subsequently a sewer should be constructed along the street on the opposite side of the square, it could not be contended, upon any reasonable hypothesis within the letter and meaning of the statute, that

his property could not be assessed for its construction.

The statute says "The whole cost of said sewer and all appurtenances shall be paid for by the holders of property abutting on the street, alley or public highway on which said sewer shall have been constructed."

In this case appellant's property fronts on Illinois street, and it had been assessed for the construction of a sewer on that street. His property also runs back towards Tennessee street, to an alley, and along that alley the board of public works has constructed another sewer and assessed his property. The property abutting on that alley comes within the letter of the statute and clothes the board of public works with authority to assess it. It may be a hardship, and appear unreasonable and unjust that appellant's property should be subjected to a second or double assessment for sewer purposes, but the remedy is not in the courts, but in the legislative branch of the government.

In *Coburn* v. *Bossert*, 13 Ind. App. 359, this court, speaking by Reinhard, C. J., said: "The power in the officers to determine when they should act in the premises carries with it the power to determine how frequently they shall act. The power is a continuing one, just as is the power to determine when a street should be improved. * * * The power to order the construction of a sewer for drainage rests upon the same ground as that of ordinary street improvements. The necessity for a sewer, like the necessity for a street improvement, must be determined by the municipal officers, and comes within their discretion. Unless it can be said that this discretion has been abused, courts cannot intervene. * * * It is proper to say that we think a great hardship has been im-

posed upon the appellants in this instance by what practically amounts to a double assessment upon the whole area of their property. The remedy for such hardships, however, must be sought in the legislature and not in the courts."

The averments, therefore, of appellants' second paragraph of answer, setting up the double assessment on their property, under the statute and the authorities, do not make the answer good, and there was no error in sustaining the demurrer thereto.

Judgment affirmed.