THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY C. KEIM et al., Appellants, *v.* JOHN C. DESMOND et al., Composing the BOARD OF ASSESSORS OF THE CITY OF UTICA, et al., Respondents.

1. UTICA (CITY OF) — ASSESSMENT FOR SEWER — WHEN ERRONEOUS UNDER STATUTES CREATING BOARD OF ASSESSORS IN AND FOR CITY OF UTICA. Where a sewer which provides adequate drainage for the premises situated upon the west side of a street in the city of Utica was built many years ago and the entire cost thereof was assessed solely upon the property upon that side of the street because it conferred no

benefit upon the premises on the east side of the street, which is consider-ably lower and cannot drain into such sewer, it is erroneous in making the assessment for a sewer subsequently built upon and for the benefit of the east side of the street to assess the property owners on the west side of the street at the same rate per foot as those on the east side, where the statute (L. 1897, ch. 738, as amd. by L. 1898, ch. 215 and L. 1901, ch. 384, § 11, sub. 2) creating a board of assessors in and for the city of Utica and defining its powers, directs the board to assess the expense of sewer construction " upon the lands benefited by the local improvement in pro-portion to such benefit; " since the assessment ignores the radical differ-ence in the benefit conferred upon the west side property, which was already supplied with an adequate sewer paid for solely out of an assess-ment on the west side, and the benefit conferred upon the east side prop-erty which was wholly without any sewer until the present improvement.

2. Same — Certiorari to Review Assessment — When Facts Alleged in Petition Therefor Must Be Deemed to Be Admitted by Return. Where the petition of owners of property, upon the west side of such street, for a writ of certiorari to review such assessment, alleges the facts above stated and the return of the assessors thereto alleges that the new sewer " as laid is a benefit to the property owners equally upon both sides of the street," but is silent as to material allegations of facts contained in the petition, the presumption is that the officers making the return intended to admit these allegations. It must, therefore, be deemed admitted that the first sewer at the time when the second sewer was constructed furnished adequate drainage to the property of the relators and that they did not need any additional sewer facilities for the drainage of their premises.

*People rel. Keim* v. *Desmond,* 111 App. Div. 757, reversed.

(Argued October 3, 1906; decided October 16, 1906.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 10, 1906, which affirmed a determination of the board of assessors of the city of Utica in assessing the relators for a local improvement and dismissed a writ of certiorari to review the same.

The facts, so far as material, are stated in the opinion.

*W. L. Goodier* for appellants. The assessors violated the rule of law prescribed by the Utica charter, that assessments for the cost of sewers shall be made upon the property bene-fited in proportion to the benefit. The re-assessment set out

in the return shows on its face that it is made upon the frontage principle and not on the benefit principle. (L. 1897, ch. 738; L. 1898, ch. 215; L. 1901, ch. 384, § 11, sub. 2; *People ex rel. Brockport* v. *Sutphin,* 166 N. Y. 163; *People ex rel. Kinsella* v. *Wurster,* 89 Hun, 6; *People ex rel. Smith* v. *Wurster,* 89 Hun, 7; *County of Monroe* v. *City of Rochester,* 154 N. Y. 578; *Elwood* v. *City of Rochester,* 122 N. Y. 228.) The assessors having violated the rule of law prescribed by the charter, to the prejudice of relators, their assessments should be set aside. (*Clark* v. *Vil. of Dunkirk,* 12 Hun, 181; *People ex rel. Parker* v. *Co. Court,* 55 N. Y. 604; *People ex rel. Conolly* v. *Reis,* 109 App. Div. 748; *County of Monroe* v. *City of Rochester,* 88 Hun, 164; *County of Monroe* v. *City of Rochester,* 154 N. Y. 571; *Harriman* v. *Yonkers,* 181 N. Y. 24.)

*William Townsend* for respondents.   The board of assessors in making this assessment did not violate any rule of law affecting the rights of the parties thereto to the prejudice of the relator. (L. 1897, ch. 738; L. 1898, ch. 215; L. 1901, ch. 384.) It was the proper method of assessment to average the expense per front foot. (*Mechener* v. *Philadelphia,* 118 Penn. St. 535; 2 Cooley on Taxn. 1172.) It is only where the invalidity of the assessment appears upon the face of the proceedings that it can be set aside upon a common-law certiorari. (*Clark* v. *Vil. of Dunkirk,* 12 Hun, 187.) The fact that the assessment was made at a uniform rate according to frontage is not fatal to the assessment for it may correctly represent the proportionate benefit of the improvement to each lot. (*People ex rel. Scott* v. *Pitt,* 169 N. Y. 521; *City of Ithaca* v. *Babcock,* 72 App. Div. 260; *Donovan* v. *City of Oswego,* 90 App. Div. 377; *O'Reilly* v. *City of Kingston,* 114 N. Y. 439; *Matter of Cruger,* 84 N. Y. 619; *Matter of Eager,* 46 N. Y. 100.)

Willard Bartlett, J.   The relators sued out a writ of certiorari to review a final determination of the board of

assessors of the city of Utica in laying an assessment upon their lands for the construction of a sewer in South Hamilton street in that city. The property of the relators is on the west side of the street and is already drained by a twelve-inch sewer constructed many years ago under a resolution of the common council adopted in 1871. The assessment for that sewer was imposed solely upon premises on the west side of South Hamilton street inasmuch as the sewer conferred no benefit upon the property on the east side, which was considerably lower and could not drain into it. The new sewer, to which the present proceeding relates, is of the same dimensions as the old one but is laid under the easterly part of the street so as most conveniently to drain the lands on the east. Notwithstanding the contention of the relators that they were already provided with adequate drainage facilities .by reason of the existence of the old sewer, the board of assessors assessed the property owners on the west side of the street at the same rate per foot as those on the east side; and in this proceeding the action of the board is challenged as illegal in that it disregards the mandate of the statute that the board of assessors shall assess the expense of such sewer construction "upon the lands benefited by the local improvement in proportion to such benefit." (Laws of 1897, chap. 738, as amended by Laws of 1898, chap. 215, and Laws of 1901, chap. 384, section 11, sub. 2.)

It is alleged in the petition, and is not denied, that the entire cost of the first sewer was assessed upon and paid by the relators and their grantors, the owners of the lands on the westerly side of South Hamilton street; that said sewer ever since its construction has furnished and now does furnish adequate drainage to the lands and houses of the relators; that no other or additional sewers have since been needed or are now needed by them for the drainage of their lands; and that their property prior to the construction of the new sewer already had sufficient drainage by the pre-existing sewer on their own side of the street. In the return there is a general allegation that the new sewer "as laid. is a benefit to the

property owners equally upon both sides of the street;" but this statement — which is merely the statement of a conclusion — in no wise controverts the specific averments of the petition to which reference has been made. We, therefore, have a case for the application of the presumption that when the return to a writ of certiorari is silent as to material allegations of facts contained in the petition the presumption is that the officers making the return intended to admit these allegations. (*People ex rel. Village of Brockport* v. *Sutphin*, 166 N. Y. 163.) It must, therefore, be deemed admitted by the respondents that the first sewer at the time when the second sewer was constructed furnished adequate drainage to the property of the relators and that they did not need any additional sewer facilities for the drainage of their premises.

If such are the facts it is difficult to perceive any justification for the act of the board of assessors in fixing the assessment at the same rate per front foot upon the property on both sides of South Hamilton street. Of course it does not follow merely because an assessment is made at a uniform rate according to frontage that the assessors had violated any rule of law to the prejudice of the property owners. An assessment on that principle for the construction of a sewer may often in fact correctly represent the proportionate benefit of the improvement to each lot. (*People ex rel. Scott* v. *Pitt*, 169 N. Y. 521.) In making this assessment, however, the assessors appear to have acted upon an erroneous principle in ignoring the radical difference in the benefit conferred upon the west side property, which was already supplied with an adequate sewer paid for solely out of an assessment on the west side, and the benefit conferred upon the east side property, which was wholly without any sewer until the present improvement. The adoption of the foot frontage rule under these circumstances, as applicable to the property on both sides of the street, is manifestly inconsistent with the command of the statute that the amount to be raised for a local improvement of this character in Utica is to be assessed upon the lands benefited in proportion to such benefit. The spe-

cific facts alleged in the petition and not denied in the return of the board of assessors show that the benefit to the west side property was insignificant as compared with the benefit to the lands on the east side of South Hamilton street; so that the application of the same rule to the premises on both sides involved the adoption of a principle in respect to the assessment as a whole which failed to fulfill the requirement of proportionate equality contemplated by the law. Hence the action of the assessors is subject to review here even under the doctrine of the case chiefly relied upon by the respondents. (*O'Reilley* v. *City of Kingston*, 114 N. Y. 439, 448.) The circumstances and situation of the lands on the different sides of a city street may be such, and in the present case clearly are such, as to make the adoption of the foot frontage rule in this particular instance inconsistent with the observance of the proportionate benefit principle which it was the statutory duty of the assessors to observe.

These views lead to a reversal of the order of the Appellate Division and the annulment of the determination of the board of assessors of the city of Utica, with costs to appellants in both courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Ordered accordingly.