CITY OF ANGOLA ET AL. *v.* CROXTON.

[No. 22,790.   Filed April 25, 1916.   Rehearing denied October 25, 1916.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Connections with Water Mains.—Cost.—Ordinance.—Validity.*—Under §8655, cl. 31, Burns 1914, Acts 1905 p. 246, providing that the common council shall have the power to enact ordinances to regulate the making of private connections with sewers and water pipes and to compel property owners to bring such connections inside the curb of the street before the permanent improvement thereof and, on default authorizing the city officials to make such connections at the owner's expense, a municipality is empowered to pass a valid ordinance ordering property owners to make connections with water mains in a street prior to the improvement thereof, and, in case of default, authorizing such connections to be made by the city at the owner's expense, since the conferring of the power on the municipality by the legislature of compelling the making of such connections in a summary way is a proper exercise of the police power; and the provision of such statute making the expense of water connections a lien on the property affected, collectible in the same manner as the cost of other street and sewer improvements, does not obligate the city, in making the connections and levying the assessments therefor, to follow the statute on the subject of street improvements.

From Steuben Circuit Court; *Frank M. Powers,* Judge.

Action by John Croxton and others against the city of Angola and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*D. R. Best,* for appellants.
*Alphonso C. Wood,* for appellees.

LAIRY, J.—On July 29, 1912, the city of Angola having in contemplation the improvement of West Maumee street by paving, passed an ordinance, which it caused to be duly published, providing that all persons owning property fronting and abutting on that street from the west line of the public square to the east line of West street should be required to lay connecting pipes from the water and sewer mains in the street to the inside of the curb line of their respective lots. The ordinance required that all such connections should be made with lead pipe and that all connections previously made with iron pipe should be replaced by connections made with lead pipe. The lot owners were allowed ten days from the taking effect of the ordinance within which to comply with its terms, and it was provided that should any such lot owner fail to make such connections or replacements within the time fixed in the ordinance, then the city of Angola, through its proper officers and agents, would do so, and that the costs of making the same would be assessed against the lots to which such connections were made and would be collected in the same manner as the expense of sewer and street improvements. Appellees failed and neglected to make the connections to their lots as required by the ordinance, and the city employed workmen to furnish the material and make the connections, and assessed the cost thereof against appellees' lots. This suit was to enjoin the enforcement of the assessment so made, upon the ground that the ordinance in question is invalid.

A demurrer for want of facts to appellees' complaint was overruled and a similar demurrer to appellant's amended second paragraph of answer was sustained. Appellants refusing to plead further, judgment was rendered for appellees. The errors

assigned question the trial court's rulings as to the sufficiency of these pleadings.

Section 8655, cl. 31, Burns 1914, Acts 1905 p. 246, provides that: "The common council of every city shall have power to enact ordinances for the following purposes: * * * To regulate the making of private connections with sewers, gas, water and other like pipes and public conveniences, and to compel owners of property to bring such connections inside the curbs of streets before the permanent improvement thereof; and, on default of the owner's making such connections, to authorize the proper city officials to do so at the owner's expense, and to make such expense a lien on the property, collectible in the same manner as expenses for other street and sewer improvements."

This statute expressly conferred upon the city of Angola power to pass the ordinance in question. It is the position of appellees, however, that the city in making the improvement and levying the assessment was required to follow the statute on the subject of street improvements. The statute provides that the assessment, when fixed upon the property, shall be collectible as other assessments for street and sewer improvements, but this has reference to the manner in which the assessment shall be collected and not to the procedure by which it shall be created. It was the evident purpose of the legislature to confer the power on cities to enforce the making of these connections in a summary way under the police power. The legislature determined in advance that each lot affected would be specially benefited to the amount of the cost of such connections, and it empowered the city to make the improvement and to make the cost thereof a lien against the property benefited on default of the owner's making such connection.

City of Angola *v.* Croxton—185 Ind. 250.

The power of municipal corporations to order sidewalks of a particular kind, and to assess against the abutting property owners the amount of the cost has been generally upheld as a proper exercise of the police power. *Reinken* v. *Fuehring* (1892), 130 Ind. 382, 30 N. E. 414, 15 L. R. A. 624, 30 Am. St. 247. Judge Cooley says: "These foot-walks are not only required, as a rule, to be put and kept in proper condition for use by the adjacent proprietors, but it is quite customary to confer by the municipal charters full authority upon the municipalities to order the walks of a kind and quality by them prescribed to be constructed by the owners of adjacent lots at their own expense, within a time limited by the ordinance for the purpose, and in case of their failure so to construct them, to provide it shall be done by the public authorities, and the cost collected from such owners, or made a lien upon their property. When this is the law the duty must be looked upon as being enjoined as a regulation of police, because of the peculiar interest such owners have in the walks, and because their situation gives them peculiar fitness and ability for performing, with promptness and convenience, the duty of putting them in proper state, and of afterwards keeping them in a condition suitable for use." Cooley, Taxation (3d ed.) 1128. All authorities agree that the constitutional provision against taking private property without compensation is not intended as a limitation on the police power, subject to which all property is held. Judge Dillon says: "Every citizen holds his property subject to the proper exercise of this power, either by the state legislature directly, or by the public or municipal corporations to which the legislature may delegate it. 1 Dillon, Mun. Corp. (4th ed.) 212. The rule as stated has been fully recognized in this state. *Board*

v. *Harrell* (1896), 147 Ind. 500, 46 N. E. 124; *Coburn* v. *Bossert* (1895), 13 Ind. App. 359, 40 N. E. 281; *Reinken* v. *Fuehring*, *supra*. The ordinance under which the assessment was made is valid and the assessment in obedience to its provisions is not void. The complaint does not state facts sufficient to constitute a cause of action and the demurrer addressed thereto should have been sustained.

Judgment reversed, with direction to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 112 N. E. 385. Assessments for local improvements made under the police power of municipalities, validity. 133 Am. St. 939; 28 Cyc 962.