Matter of the Application of THE CITY OF NEW YORK
Relative, etc., of Opening of Fifty-fifth Street, from
Sixteenth Avenue to Nineteenth Avenue, and Fifty-
fourth Street from Fort Hamilton Avenue to
Eleventh Avenue, etc.

(Supreme Court, Kings Special Term for Motions, December,
1916.)

Condemnation proceedings — objection to confirmation of report of com-
missioners in street opening proceeding — when assessment errone-
ous — constitutional law — Greater New York Charter, § 992.

Where the difference in the figures showing the rate of an
assessment per lineal frontage is less than five cents on two
parcels of land the unintentional error is not ground for objec-
tion to the confirmation of the report of the commissioners in
a street opening proceeding particularly where it is evident
that it was the intention to assess both parcels at the same rate.

Assessments for benefit must be levied in proportion to the
benefit received by the respective parcels, and, where it is
apparent that one parcel which is made a corner plot avail-
able for building purposes already had access to an open
street and was little benefited by the opening of one of the
new streets as compared to the benefit to the other parcel which
had no access to any street until the new streets were opened,
the assessment of both parcels at the same rate is practically
erroneous.

If the corner plot did not front on an open street which
had already been legally opened there might be some justifica-
tion for the assessment, but where it does face on such the
assessment cannot be sustained.

To impose an equal rate of assessment upon properties which
are not equally benefited violates the law and cannot be upheld.

Section 992 of the Greater New York charter is constitutional.

MOTION to confirm the report of commissioners in a
street opening proceeding.

Lamar Hardy, corporation counsel (Andrew C. Troy and Edwin J. Talley, of counsel), for motion.

Robert H. Haskell, for Otto Thurnaurer, opposed.

John P. Dunn, for heirs of Albert Ellern, opposed.

CROPSEY, J.   This is the usual motion to confirm the reports of the commissioners of estimate and the commissioner of assessment in this street opening proceeding. Two objections are made to the confirmation. That made on behalf of Otto Thurnauer is directed solely to the assessment for benefit imposed upon his property which is benefit parcel 173. This parcel is situated at the corner of Eighteenth avenue and Fifty-fourth street, and has a frontage on Eighteenth avenue of 100 feet and a few inches, and a frontage on Fifty-fourth street of 123 feet and some inches. The plot is rectangular in shape. Fifty-fourth street is being opened by this proceeding. Eighteenth avenue has been legally opened and improved for many years, as the record shows. This parcel 173 has been assessed for $941.52. Parcel 174, which abuts on parcel 173 and has a frontage of 200 feet on Fifty-fourth street and a depth of 100 feet and a few inches and which has no other street frontage, is assessed for $1,533.94. While these figures show that the rate of assessment per lineal frontage is five cents less on parcel 173 than it is on parcel 174, it is evident that this is an unintentional error, for the difference is too small to have been purposely made.

Furthermore the assessments on other parcels similarly situated show that the assessment on a parcel situated on the corner of the street being opened and a street already opened is at the same rate as is the assessment upon a parcel situated solely upon the

Supreme Court, December, 1916. [Vol. 98.

street affected by this proceeding. So it is evident that it was the intention of the commissioner of assessment to assess parcel 173 at the same rate as parcel 174. Of this the owner of parcel 173 complains, claiming it is inequitable and unjust to assess him at the same rate as the owner of parcel 174 because his property was not benefited to the same extent as the other parcel.

Assessments for benefit must be levied in proportion to the benefit received by the respective parcels. Parcel 174, which had no frontage prior to the opening of Fifty-fourth street, is manifestly benefited by such opening. That gives it a means of access in both directions — to Eighteenth avenue and to Nineteenth avenue. That parcel 173 also is benefited is apparent, for it is made a corner plot by this proceeding and so has a frontage on Fifty-fourth street and access to Nineteenth avenue. But to hold that parcel 173 is benefited as much as parcel 174 is plainly improper. Parcel 174 was an interior plot, having no street frontage prior to this proceeding, while parcel 173 already had a frontage on Eighteenth avenue which had been legally opened and improved for many years. The opening of Fifty-fourth street was of but little benefit to parcel 173, which already had access to an open street, as compared to the benefit to parcel 174, which had no access to any street. Yet both of these parcels have been assessed at the same rate.

It is the rule that assessments fixed in these proceedings should not be interfered with by the court unless it is clearly shown that there has been some abuse of discretion of the commissioner of assessment or that a palpable wrong has been wrought, or that there is manifest error. *Matter of City of New York (Opening East 176th St.)*, 85 App. Div. 347; *Matter of*

*City of New York (West 157th St.)*, 150 id. 131; *Matter of City of New York (West 225th St.)*, Id. 223.

Here it is apparent that a palpable wrong has been done in assessing the corner plot at the same rate as an interior one. If the corner plot did not front on a street which had been already legally opened, there might be some justification for the assessment, but when it does face on such the assessment cannot be sustained. *Matter of City of New York (Spofford Ave.)*, 126 App. Div. 740. Parcel 173 was available for building purposes, even though Fifty-fourth street had not been opened, while parcel 174 was not available, having no frontage until that street was opened. The damage map (p. 3) shows that the property, of which parcel 173 remains after the opening of Fifty-fourth street, had been improved by a house which faced Eighteenth avenue. To impose an equal rate. of assessment upon properties which are not equally benefited is in violation of the law and cannot be upheld. *People ex rel. Keim* v. *Desmond,* 186 N. Y. 232; *Matter of City of New York (Pugsley Ave.)*, 218 id. 234; *Matter of Grant Ave.,* 76 App. Div. 87; affd., 175 N. Y. 509; *Matter of City of New York (East 136th St.)*, 127 App. Div. 672; *People ex rel. Parker* v. *Jefferson County Court,* 55 N. Y. 604.

The objections raised by the heirs of Ellern relate to damage parcel 78 and benefit parcel 174. These objections involve the constitutionality of section 992 of the charter, the claim being that it discriminates unjustly against the property owner who does not cede his land in the street to the city, and that it violates the equal protection clause of the United States Constitution. This claim has been passed upon so many times and the constitutionality of the charter provision upheld so frequently that it is unnecessary to do more than to refer to some of the cases which

show there is no legal force in this property owner's objection. *Matter of City of New York (Spuyten Duyvil Road)*, 87 Misc. Rep. 635; *Matter of Remington Street*, Opinion by Kelly, J., N. Y. L. J., Aug. 15, 1915; *Matter of East 12th Street*, 173 App. Div. 949; *Matter of City of New York (Newkirk Ave.)*, 84 Misc. Rep. 616. See, also, *Matter of City of New York (Tibbett Ave.)*, 162 App. Div. 398.

It follows that the objections of the heirs of Ellern must be overruled, and that the objection of Otto Thurnauer to the assessment against his property must be sustained; and the matter remitted to the commissioner of assessment.

Ordered accordingly.