THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa November 24, 1891.*

1. SPECIAL ASSESSMENT — *depot grounds not exempt.* A depot and grounds of a railway company are not exempt from assessment for a public improvement because the company's right of way with the tracks thereon runs into such depot.

2. SAME — *whether it includes right of way.* Commissioners appointed to make a special assessment assessed a block of land belonging to a railway company, except the part occupied and used for its right of way. Two parcels, one on each side of the right of way, were assessed separately. The court, on the hearing of the application to confirm the assessment, modified the roll so as to spread the aggregate of the two assessments over the whole block. It was *held*, that this was not an assessment of any part of the right of way, and that the company had no substantial cause of complaint to the action of the court.

3. SAME — *apportioning benefits.* The statute requires that the commissioners shall estimate what proportion of the total cost of the improvement will be of benefit to the public and what proportion thereof

will be of benefit to the property to be assessed, and apportion the same between the city or village and such property, so that each shall bear its relative equitable proportion, and having done so, in the case of several parcels of land, to apportion and assess the amount so found to be of benefit to the property upon the several lots, blocks, tracts and parcels of land, in the proportion in which they will severally be benefited by such improvement.

4. SAME—*whether property is benefited is a question of fact.* Whether property specially assessed for a local public improvement of a street will be benefited by the proposed improvement, is a question of fact, depending upon the evidence.

5. SAME—*commissioners' report—prima facie evidence of valid assessment.* The commissioners' report is *prima facie* evidence of a valid assessment, and unless it is shown by proof to be incorrect or invalid, it must be accepted as conclusive.

6. SAME—*commissioners' report—how impeached.* The commissioners' report can not be impeached by evidence, alone, that contiguous property has not been specially assessed. It should further be shown by evidence that the property not so assessed is benefited by the improvement, and the extent of its benefits. A party whose property is assessed may possibly have his assessment reduced by proving that other property not assessed will be benefited, and the extent to which it will be benefited.

7. PRACTICE—*party not injured can not complain.* The commissioners appointed to make a special assessment, in assessing a large block of land owned by a railway company, which was divided into two parts by the company's right of way over the same, assessed the parts on either side of the right of way as separate parcels, but not including any part of the right of way. On application to confirm the assessment, the court modified the assessment roll, so as to show the aggregate sum assessed to the whole block. It did not appear that the block was assessed any more than its share of the entire assessment, in proportion to its frontage, excluding the right of way, nor that if the block had been assessed as a whole the assessment would have been any less than it was, nor was it shown that the block was not used in such a way, for business purposes, as would justify the separate assessments as made by the commissioners: *Held,* without passing on the correctness of the action of the court, that the railway company was not thereby injured, and had no just cause of complaint.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. Thomas S. Wright, and Mr. Robert Mather, for the appellant:

The assessment is invalid because levied upon appellant's right of way, and there is no evidence that it will be benefited. Const. 1870, art. 12, sec. 11; *Railroad Co.* v. *Houghton*, 126 Ill. 233; *Philadelphia* v. *Railroad Co.* 33 Pa. St. 41; *Philadelphia* v. *Eastwick*, 11 Casey, 75; *Railroad Co.* v. *Philadelphia*, 88 Pa. St. 424; *Railroad Co.* v. *Morrissiana*, 7 Hun, 652.

Appellant's property outside of its right of way is not benefited by the proposed improvement. *Hartfort* v. *West Middle Dist.* 45 Conn. 462; *Society* v. *Hartford*, 35 id. 80.

The assessment on appellant's property is invalid, because in excess of its proportionate share of the cost of the improvement. The omission to assess property liable, invalidates the assessment. *Chicago* v. *Baer*, 41 Ill. 306; *Page* v. *Chicago*, 60 id. 441; *Scammon* v. *Chicago*, 42 id. 192; *Parmelee* v. *Chicago*, 60 id. 267; *Bigelow* v. *Chicago*, 90 id. 55.

Mr. William J. Donlin, for the appellee:

The premises of appellant are benefited by the proposed improvement to the extent of the assessment.

It is settled in this State that public property is subject to special assessments.

The improvement here excepts the sixteen feet owned by the street railway, which is required to keep its track paved. It is exempted from assessment as to the balance of the street. *Chicago* v. *Sheldon*, 9 Wall. 50; *Parmelee* v. *Chicago*, 60 Ill. 267.

Per Curiam: This was an application by the City of Chicago to the County Court of Cook County for the confirmation of a special assessment levied for the purpose of paying the cost of curbing, filling and paving Root or 41st Street from State to Halsted Streets in said city. The appellant company owned a large lot or block on the south side of Root street, through which ran its right of way and the tracks thereon, a

part of said lot or block lying east of the right of way, and a part thereof lying west of the right of way. The lot in question lies between State Street on the east and an alley a short distance east of Wentworth Avenue on the west, and between 41st or Root street on the north and 43d street on the south. The commissioners appointed by the county court to make the assessment, in the assessment roll filed by them, assessed on the east 100 feet of the north 396 feet of said lot, $372.65, and on the north 100 feet of said lot, except the east 100 feet thereof, and *except railroad right of way,* $3048.62, making the whole amount assessed against the property, exclusive of right of way, $3421.27. The company filed objections to the confirmation of the assessment roll. The trial was had before the court without a jury, the jury being waived by agreement. The assessment roll was modified by the trial court in the respect hereinafter indicated; the objections were overruled; the assessment roll as modified was confirmed, and judgment was rendered against said lot for $3421.27. The present appeal is prosecuted from such judgment of the county court.

The appellant claims, that the assessment was levied upon its roadway or right of way and for that reason was invalid. The railroad company had never made any subdivision of the lot in question, which is known as lot 1 of the Superior Court partition of the South $\frac{3}{8}$ of N. E. $\frac{1}{4}$ sec. 4, etc., but the commissioners had separately assessed different parts of the lot in the manner above stated. It seemed to be the opinion of the counsel for the city and of the county judge upon the trial of the case, that the action of the commissioners in separately assessing two parts of a block which had not been subdivided by the owner, instead of assessing the block as a whole for one amount, was in conflict with the decision of this court as announced in *Warren* v. *City of Chicago,* 118 Ill. 329. In that case there was a special assessment upon lots fronting on a street for "water service pipes" to be laid from the lots and connected with the main pipe in the street; the lots of some

of the property owners had a frontage upon the street of only 25 feet, and each of such lots was assessed for only one service pipe to connect it with the main pipe; Warren owned 32 lots, 16 on the east side and 16 on the west side of the street, each of which, according to a subdivision theretofore made by him, had a frontage of 45 feet; each of his lots was assessed for two service pipes, one to each half of the lot; it was held that it was erroneous to assess each lot fronting 45 feet on the street for more than one service pipe, all the lots being at the time vacant, upon the grounds that Warren was thereby compelled to pay a larger assessment than other property owners in proportion to his frontage, and that the subdivision of his lots into lots having a frontage each of $22\frac{1}{2}$ feet for the purposes of the assessment, was arbitrary, and made without authority in law or in fact. It was there said, however, that if two tenements had been erected on each lot having a frontage of 45 feet, showing the owner's intention to divide the lots for residence or business purposes, a different question would be presented.

After the hearing of the evidence and arguments of counsel upon the trial of the case at bar, the court offered the objector the alternative of allowing the assessment to remain as it was, or of aggregating the sums assessed and spreading the total against the entire lot "except the railroad right of way," upon which offer the company declined to elect; and thereupon the court modified the assessment roll, so that the same should show an assessment of $3421.27 against said lot 1. Without passing upon the correctness or incorrectness of this action of the trial court, we are unable to see how the company was in any way injured by it for the reasons hereinafter stated.

It does not appear, that the company was assessed any more than its share of the whole assessment in proportion to the amount of frontage owned by it. It is not shown that, if appellant's lot had been assessed as a whole for one amount, such assessment would be any less than the aggregate of the

37—139 Ill.

two assessments against the two parts of the lot as above de-- scribed.   Nor is it shown, that the lot is not used in such a way for business purposes as would justify the separate assess- ments made by the commissioners.   It appears that the por- tion of the lot west of the right of way is occupied in part with tracks used for storing loaded cars, while the portion of the lot east of the right of way is covered with engine houses, car repair shops, coal docks, washing sheds, storage and repair tracks, etc.

We do not deem it necessary to decide whether the right of way of a railroad company can be assessed for a street im- provement or not, as the question does not arise in this case. The authorities, referred to by counsel as holding that such right of way cannot be specially assessed for a street improve- ment, are cases where it was sought to assess the right of way alone and by itself.   Here, the property assessed is a large block of ground in a city through which the right of way passes, and of which the right of way is but a small part.   It will not be contended, that the depot and depot grounds of a railroad company cannot be assessed for a public improvement because the right of way, with the tracks thereon, runs into such depot.

But, however this may be, it is sufficient to say, that, in the present case, the commissioners in their assessment roll spe- cially excepted the right of way from assessment, and made their assessments against the portions of the block which did not include the right of way.   Although the court so modified the assessment roll as to spread the aggregate of the two as- sessments over the whole block, yet that aggregate consisted of two sums which had been arrived at by excluding the right of way, so that practically, and so far as any injury to the railroad company is concerned, the right of way was no more assessed after, than before, the modification of the assessment roll.   For these reasons, the objection to the validity of the

assessment, upon the alleged ground that the same was levied upon the right of way, was properly overruled.

It is next objected that the portions of the lot in question outside of the right of way were not benefited by the paving of the street. Whether or not the property assessed was benefited by the improvement was a question of fact. The county judge, hearing the case without a jury, found that the premises in question were benefited by the proposed improvement to the extent of the assessment thereon, and, after a careful examination of the evidence, we are satisfied that his finding was correct.

The assessment of appellant's property is claimed to be invalid, upon the alleged ground that it is in excess of the proportionate share of the cost of the improvement which such property should bear. This contention is based upon the fact, that the Chicago City Railway Company occupies with its tracks a space 16 feet wide in the center of Root or 41st street, and it is said that the tracks, franchises, right of way, etc., of this street railway company are not assessed for the paving of the street, and that, by the failure to assess the same, the assessment against appellant's property is increased beyond its "proportionate share of the cost of the improvement."

The ordinance for paving Root street excepts the space 16 feet wide in the middle of the street, and provides only for the paving of the balance of the street amounting to a width of about 22 feet. The statute requires that the commissioners shall estimate what proportion of the total cost of the improvement "will be of benefit to the public, and what proportion thereof will be of benefit to the property to be benefited, and apportion the same betwen the city or village and such property, so that each shall bear its relative equitable proportion; and having found said amounts, to apportion and assess the amount so found to be of benefit to the property upon the

several lots, blocks, tracts and parcels of land in the proportion in which they will be severally benefited by such improvement." 1 Starr & Curtis' Stat. sec. 24, (sec. 140,) chap. 24. And the 31st section (sec. 147) of the same chapter requires "that the hearing shall be conducted as in other cases at law, and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the improvement, the jury shall so find, and also find the amount for which premises ought to be assessed, and judgment shall be rendered accordingly." The commissioners' report is *prima facie* evidence of a valid assessment, and unless it has here been proved to be incorrect or invalid, it must be accepted as conclusive. *Green et al.* v. *City of Springfield,* 130 Ill. 515 ; *Walters* v. *Town of Lake,* 129 id. 23.

But counsel seem to regard the mere fact that the evidence shows the existence of a street railway which is not specially assessed, as alone sufficient to impeach the commissioners' report. But we are aware of no rule of law which makes the existence of real estate contiguous to an improvement conclusive evidence that it is specially benefited by the improvement. How could the jury apportion special benefits to the street railway company pursuant to section 31, (sec. 147,) *supra,* without evidence of the extent of such benefits? There is no evidence in the record that this street railway is benefited by this improvement. Appellant might, possibly, have reduced its assessment by proving that the street railway was specially benefited and the extent of its benefits. But there can be no presumption in that respect in the absence of evidence.

The judgment of the county court is affirmed.

*Judgment affirmed.*