JESSE HOLDOM *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed November 8, 1897.*

1. SPECIAL ASSESSMENTS—*that property is contiguous to improvement is not conclusive that it is benefited.* The fact that certain real estate which was not assessed for the paving of a street is contiguous to the improvement is not conclusive evidence that it is benefited.

2. SAME—*latest ordinance for improvement must prevail.* An ordinance providing for improving a street in a certain manner must prevail over a prior general ordinance in conflict therewith, providing that subsequent street improvements should be made in accordance with its terms.

3. SAME—*benefits from improvements not provided for in ordinance not considered.* In estimating the benefits to property from the paving of a street the jury cannot consider supposed benefits which would flow from other improvements not provided for by the ordinance.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

JESSE HOLDOM, for appellants.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court confirming a special assessment for the paving of Forty-seventh street, from the east line of Paulina street to the east line of Western avenue boulevard, in the city of Chicago. Various errors have been assigned by appellants, but in the absence of any briefs on the part of the city we shall notice a few of them only.

Appellants insist that the assessment is erroneous because two certain lots fronting on the line of the proposed improvement were not assessed. It was, however, held by this court in *Chicago, Rock Island and Pacific Railway Co. v. City of Chicago,* 139 Ill. 573, that the mere fact that certain real estate was contiguous to an improvement was not conclusive evidence that such property was specially

benefited by such improvement, and, inasmuch as there must be another trial of this cause, it is not necessary to comment upon the evidence on this branch of the case.

It is next said that appellants' lands have been assessed for work which cannot be done; that the ordinance provides for paving the street between the curb-stones and the right of way of the street railway,—thirteen feet on each side of such right of way,—the right of way being sixteen feet wide, but that one of the general ordinances of the city provides that streets of the width of Forty-seventh street,—that is, of the width of sixty-six feet,—shall have sidewalks laid on each side, of the width of fourteen feet, leaving a roadway only thirty-eight feet wide, and that if the improvement provided for in this ordinance be made as therein required, there would be left only twelve feet on each side of the paved part of the street for a sidewalk. Inasmuch, however, as the ordinance providing for this improvement is the latest expression of the legislative will of the city, it must prevail over other previous ordinances in conflict therewith, relating to the improvement of said street.

It is next claimed by appellants that the ordinance providing for the improvement is unreasonable and oppressive, and should for that reason be adjudged to be void. The reasons assigned. are, that no underground improvements, such as sewers, house-drains and water pipes, have been put in, and that the improvement would be practically useless without them, and would, after its completion, be so torn up and injured in putting in such sewers and drains as to destroy its value; and the further reason is assigned that there are no houses upon appellants' property on this street and no necessity for the improvement provided for. These are questions to be addressed to the city council, and are not for us to determine unless the evidence shows a clear abuse of the power conferred upon the city to pass ordinances of this character. We are unable to say from the evidence that it

appears that the ordinance in question is grossly unreasonable, unjust and oppressive, and cannot, therefore, from the evidence contained in this record, hold it void on that ground.

It does appear, however, that error was committed by the court below in refusing to give to the jury the following instruction asked by appellants:

3. "The jury are instructed that the only special benefits to the property they can consider in this case are those that will come to the property assessed from the making of the improvement provided for in the ordinance, and it is not proper for them to assume that any other improvements will be put into the street before the building of the pavement provided for."

Two witnesses for the city,—Cole and Patterson,—had testified as to the amount appellants' property would be benefited by the proposed improvement, and on cross-examination testified, in effect, that their estimate of such benefits was based upon the assumption that before the improvement should be made the city would cause to be put in the proper underground improvements,—that is, water-stubs, house-drains and sewer,—and thereupon appellants had moved to strike out the testimony of these witnesses, which the court refused to do. As these witnesses had given other testimony in the case the court properly refused to sustain the motion as made, but should have instructed the jury that supposed benefits which might accrue to the property for improvements not provided for in the ordinance could not be taken into consideration in estimating the benefits to the property. In *Hutt* v. *City of Chicago*, 132 Ill. 352, it was held that all natural and probable results to flow from the improvement ordered may properly be considered in estimating benefits, but that no benefits could be assessed for improvements not provided for. The benefits to be assessed must be confined to those arising from the improvement ordered. The estimates of the two witnesses in question

were not based on the improvement provided for in this ordinance alone, but on the assumption the city would make other improvements in the street in question before the paving provided for was done. No other instruction was given curing the error complained of, and it was error to refuse appellants' said third instruction.

For the error indicated, the judgment of the county court as to the lands in question is reversed and the cause remanded.

*Reversed and remanded.*