HELEN CULVER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 14, 1898.*

1. SPECIAL ASSESSMENTS—*ordinance need not show that improvement will be beneficial.* A substantial compliance with the statute requiring the ordinance to specify the nature, character, locality and description of the improvement is sufficient, and it is not necessary to show that the improvement will be beneficial.

2. SAME—*fact that street contains a jog does not make the improvement double.* The fact that a street to be improved contains a jog does not constitute each portion of the street a separate street, so as to make the improvement double.

3. SAME—*assessment against property may be set aside by agreement between petitioner and objector.* Where the petitioner has become satisfied that particular property is not benefited by the assessment and that the assessment is unjustly spread upon it, it may confess such fact in court, and the court, upon hearing the objections, may set aside the assessment.

4. SAME—*setting aside assessment on property by agreement does not invalidate proceedings.* The fact that an assessment against particular property has been set aside by agreement between petitioner and objector does not invalidate the assessment against other property, in the absence of any showing that the property released was in fact benefited, or of collusion between the parties.

APPEAL from the County Court of Cook county; the Hon. P. H. SANFORD, Judge, presiding.

WILLIAM W. GRINSTEAD, for appellants:

An insufficient description of the improvement, or a description showing an unreasonable improvement, is invalid. *Levy* v. *Chicago,* 113 Ill. 650; *Hyde Park* v. *Carton,* 132 id. 100; *Gage* v. *Chicago,* 143 id. 157; *Alton* v. *Middleton's Heirs,* 158 id. 442.

The court has equitable control of the entire proceeding until final judgment, and defenses in their nature equitable will always be considered. Rev. Stat. chap. 24, par. 149; *Hawes* v. *Chicago,* 158 Ill. 653.

Where the evidence shows two distinct streets, not continuous, the improvement is double and the ordinance invalid. *Weckler* v. *Chicago,* 61 Ill. 142.

The commissioners alone shall say what property will be benefited by the improvement. *Jones* v. *Lake View,* 151 Ill. 681; Rev. Stat. chap. 24, par. 140.

The assessment roll is *prima facie* evidence that the property assessed therein will be benefited. Rev. Stat. chap. 24, par. 147; *Railroad Co.* v. *Chicago,* 139 Ill. 573.

It is improper to submit to a jury the question as to what property will be benefited. *Jones* v. *Lake View,* 151 Ill. 681.

Changes in the assessment roll can be made by the court only in its judicial capacity and for the attainment of equity and justice, and such changes can be made only after a full hearing upon the merits. Rev. Stat. chap. 24, par. 149; *DeKoven* v. *Lake View,* 131 Ill. 541.

A record or judgment may be impeached by a stranger thereto for fraud in its procurement, if he is prejudiced thereby. *Koren* v. *Roemheld,* 7 Ill. App. 646; *In re Burdick,* 162 Ill. 48; *Greene* v. *Greene,* 2 Gray, 361; *Callahan* v. *Griswold,* 9 Mo. 775; *Wilhelmi* v. *Leonard,* 13 Iowa, 330; 1 Bigelow on Fraud, chap. 6, sec. 2.

Relieving from assessment a portion of the property in the assessment roll is *per se* prejudicial to the rights of others whose property is assessed, since it will necessarily decrease the amount to which they would be entitled as rebates. Rev. Stat. chap. 24, par. 171.

CHARLES S. THORNTON, Corporation Counsel, and DENIS E. SULLIVAN, Assistant, for appellee:

The ordinance must specify the nature, character, locality and description of the work, but it need not set forth the details and all the particulars. A substantial compliance is sufficient. *Adams County* v. *Quincy,* 130 Ill. 566; *Pearce* v. *Hyde Park,* 126 id. 289; *Potter* v. *Kankakee,* 119 id. 324.

The evidence shows that Morgan street is one continuous street, excepting a jog about the middle, and cannot be considered as "two distinct streets." *Springfield* v. *Green*, 120 Ill. 273; *Wilbur* v. *Springfield*, 123 id. 395.

The test is, similarity of improvement and situation of property to be assessed. *County of Adams* v. *Quincy*, 130 Ill. 581; *People* v. *Sherman*, 83 id. 167.

A judgment of confirmation of a special assessment is several as to each tract or parcel of land assessed, and a party to the assessment roll will not be affected by the court setting aside the assessment as to the lots in which he has no interest. *Browning* v. *Chicago*, 155 Ill. 314; *Jones* v. *Lake View*, 151 id. 663.

It is not to be presumed that a judgment was obtained by fraud. The record of the judgment cannot be contradicted by oral testimony. *Barnett* v. *Wolf*, 70 Ill. 76; *Sattler* v. *People*, 59 id. 68; *Faulk* v. *Kellums*, 54 id. 189; *Dickhut* v. *Durrell*, 11 id. 84; *Osgood* v. *Blackmore*, 59 id. 261; *Welch* v. *Sykes*, 3 Gilm. 197; *Kayser* v. *Hall*, 85 id. 511.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment levied by the city of Chicago for the purpose of curbing, grading and paving South Morgan street, from the south line of West Van Buren street to the north line of West Twelfth street, under article 9 of the City and Village act. The appellants, Helen Culver and the University of Chicago, appeared in the county court and filed objections to the confirmation of the report, which, on the hearing, were all overruled and a judgment of confirmation entered. To reverse the judgment of the county court appellants appealed.

Three questions are presented in the argument of counsel for determination: First, the validity and sufficiency of the ordinance upon its face; second, as to whether or not the improvement is single or double,

upon the state of facts shown by the evidence introduced under additional objection No. 28; and third, the propriety of the ruling of the lower court in refusing to admit evidence offered in support of additional objection No. 30.

Under the first head it is contended that an ordinance which does not describe the improvement with sufficient definiteness "to show that it will be such as will be beneficial to the property, is invalid." It is not the province of an ordinance, as we understand the statute, to show whether the improvement will prove of benefit to the property proposed to be improved, or not. The statute under which this proceeding was instituted required the ordinance to specify the nature, character, locality and description of the improvement, and when this has been done nothing further can be required. In *County of Adams* v. *City of Quincy*, 130 Ill. 566, it was held that the statute did not require that an ordinance shall set out the details and all the particulars of the work, but that a substantial compliance with these provisions is all that is required. The same rule is laid down in *City of Kankakee* v. *Potter*, 119 Ill. 324. Upon an examination of the ordinance it will be found to conform fully to the demands of the statute. The nature, character and description of the improvement are fully given, and the location as given is beyond question. Whether the improvement was one which the public interest demanded was a question for the city council to determine when the ordinance was passed, and whether the improvement would prove a benefit to the property was a matter for the consideration of the commissioners appointed to assess benefits. If it would not benefit the property then no assessment could be made; but we are aware of no statute or principle which would require the ordinance to show on its face whether it will prove beneficial or not.

As to the second point but little need be said. Section 1 of the ordinance provides "that the roadway of South Morgan street, from the south line of West Van-

Buren street to the north line of West Twelfth street, in the said city of Chicago, said roadway being thirty-eight feet in width, be and the same is hereby ordered curbed." Then follows a full description of the improvement. The improvement ordered, as is apparent from the ordinance, was South Morgan street, from the south line of West Van Buren street to the north line of West Twelfth street, in the city of Chicago, and there is no reasonable ground for claiming that the improvement is double. It appears, however, that there is a "jog" of about 150 feet in the street about half way between Van Buren street and Twelfth street, and it is claimed that the jog makes two streets, and hence there are two improvements. The fact that South Morgan street does not run in an air line does not affect the question. There is but one street from the south line of West Van Buren to the north line of West Twelfth street, and that is South Morgan street, and the fact that about half way between the points named the street "jogs" 150 feet east does not change South Morgan street from one into two streets. It is a common occurrence for a street or a public highway to contain a jog at some point in its course, and it has never been supposed that a jog converted one street into two streets or one highway into two highways.

In regard to the third point relied upon, it appears that the West Side Elevated Railroad Company and the Title Guarantee and Trust Company filed objections to the confirmation of the report, and the record shows that upon the hearing before the court, a jury having been waived, the court sustained the objections as to the property of the railroad company, and the assessment as to its property, amounting to $441.39, was set aside by the court, but as to the other objector the judgment of confirmation was affirmed. The appellants offered in evidence the order of the court entered in the case of the West Side Elevated Railroad Company and the Title Guarantee and Trust Company, and offered to show that

the order or judgment was entered by agreement, and without any hearing whatever before the court. Under paragraph 147 of the City and Village act (Rev. Stat. p. 236,) the court is authorized, at any time before final judgment, to modify, alter, change, annul or confirm any assessment, or cause the same to be re-cast by the same commissioners, whenever it shall be necessary for the attainment of justice. It cannot be doubted that the court, under this statute, upon a proper showing, had ample power to set aside the assessment as to the property of the West Side Elevated Railroad Company. If it appeared, upon the hearing of the objections interposed by the railroad company, that its property was not benefited at all, the law imposed the duty on the court to set aside the assessment.

But it is said the court was not empowered to set aside the assessment by agreement. If the petitioner became satisfied that the railroad property was not benefited by the improvement and that the assessment was unjustly spread upon its property, we see no reason why petitioner might not confess the fact in court, and thus save the cost and expense of a trial which would in the end result in setting aside the assessment. The mere fact, therefore, that the assessment was set aside by agreement if the property was not benefited by the assessment, could not be relied upon by the appellants as a defense. Before they could properly object to the action of the court it was incumbent on them to prove, or offer to prove, that they were in some way injured. This they failed to do. If appellants had offered to show that the property of the railroad company was benefited the full amount of the assessment against it, and that there was collusion between petitioner and the railroad company, and in consequence of setting aside the assessment they were injured, a different question would have been presented. But no such offer was made.

We are satisfied the offered evidence had no bearing on the merits of the issue on trial before the court, and the court did not err in excluding it.

The judgment of the county court will be affirmed.

*Judgment affirmed.*