[No. 10283. Department One. August 19, 1912.]

J. L. COOK et al., Appellants, v. THE CITY OF SPOKANE, Respondent.[1]

MUNICIPAL CORPORATIONS—STREETS—IMPROVEMENTS—ASSESSMENT DISTRICTS—LIMITS. Where a section of a city charter contained a proviso that a street assessment district must be coterminous with the portion of the street improved and that the side lines shall not be more than 150 feet distant from the nearest line of the street improved, and the proviso was amended to read that "unless otherwise provided by ordinance" the assessment district shall be coterminous with the portion of the street improved, and "in such case"

[1]Reported in 125 Pac. 776.

the side lines shall be 150 feet distant, etc., the amendment is not sufficiently definite and explicit to remove the 150-foot side limit imposed by the original charter provisions.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 1, 1911, dismissing an action to cancel an assessment, upon sustaining a demurrer to the complaint. Reversed.

*F. W. Girand* and *Robertson & Miller*, for appellants.

*A. M. Craven* and *Wm. E. Richardson*, for respondent.

CHADWICK, J.—This is an action to cancel a special assessment for a street improvement. A demurrer to the complaint was sustained, and the plaintiffs electing to stand on their pleading and refusing to plead further, a judgment of dismissal was entered, from which this appeal is prosecuted.

The appellants' property is situated more than 150 feet from the nearest line of the street improved, and the power of the city to assess property beyond that limit is the sole question presented by this appeal. The solution of the question depends upon a provision of the city charter. Section 61 of the charter, as originally adopted, authorized the city to improve its streets, and to levy and collect special taxes or assessments on abutting property to defray the expense, "and, for this purpose, the city shall, by ordinance, establish assessment districts, which shall include the lots and parcels of land benefited by said improvement: provided, however, that such assessment district shall be coterminous with that portion of the street, avenue, public way or alley improved, and the side lines of such assessment district shall in no event be distant more than 150 feet from the nearest line of the street, avenue, public way or alley improved, . . . ." This section was later amended, the amendatory section containing the following proviso: "Provided, however, that *unless otherwise provided in such ordinance*, the said assessment district shall be coterminous with the portion of the street, avenue, public way or alley improved, and, *in such case* the

side lines of such assessment district shall in no event be distant more than 150 feet from the nearest side line of the street, avenue, public way or alley improved . . . ." The italicized words indicate the changes made by the amendment. By the original charter provision, both the end lines and side lines of the assessment district must be coterminous with the portion of the street improved longitudinally, and the side lines not more than 150 feet distant from the nearest line of the street improved.

The language of the amendment is by no means free from ambiguity, but we find in it no warrant for holding that the city was authorized to extend the side lines of the district beyond the 150-foot limit. The amendment fixes definitely end lines for the district, and then provides by implication that these lines may be changed or extended by ordinance. What the phrase, *in such cases*, relates to is uncertain, to say the least. Grammatically speaking, it must relate to something that precedes it. If it relates to districts which must be coterminous with the street improved, there is no limitation where the city has otherwise provided by ordinance; if it relates to districts where the city has otherwise provided by ordinance, there is no limitation where such provision has not been made; and if it relates to districts of both kinds, the city's contention falls to the ground. But, whatever the intention of the framers of the amendment may have been, they have failed to use language sufficiently definite and explicit to remove the 150-foot side limit to assessment districts imposed by the original charter provisions; and the judgment is accordingly reversed, with directions to overrule the demurrer and take such proceedings as are not inconsistent with this opinion.

CROW, ELLIS, PARKER, and GOSE, JJ., concur.