[No. 10735. Department One. April 18, 1913.]

W. J. AUMILLER et al., Appellants, v. THE CITY OF NORTH YAKIMA, Respondent.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — ASSESSMENTS—BENE-FITS—APPORTIONMENT. Since property in an assessment district cannot be assessed for benefits unless benefited, under Rem. & Bal. Code, § 7707, and since the presumption is in favor of the regularity of the proceedings, the mere fact that certain property in the district was not assessed does not invalidate the assessment, in the absence of a showing that it was benefited or that the assessing officers acted arbitrarily.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered August 27, 1912, in favor of the

[1]Reported in 131 Pac. 470.

defendant upon stipulated facts, dismissing an action to set aside an assessment. Affirmed.

*Lee C. Delle,* for appellants.

*Guy O. Shumate,* for respondent.

MOUNT, J.—This action was brought to set aside an assessment upon plaintiffs' lots for the construction of a sewer in front thereof by the defendant city. The cause was tried without a jury upon stipulated facts. The action was dismissed, and plaintiffs appeal.

It is only necessary to notice one point in this case. It appears that the defendant city declared its intention to construct a subsewer along certain streets in front of plaintiffs' property in said city. A resolution was thereupon passed estimating the cost of the improvement at the sum of $4,000, and providing that the cost should be assessed and levied upon certain described lots. Thereafter the city council passed an ordinance providing for the construction of the sewer; also, that the expense thereof should be assessed to and levied upon the property included in the improvement district created and provided for in the ordinance. Afterwards the sewer was constructed. After the construction thereof, the "Committee on Streets and Ditches" filed its report with the city clerk. By this report, it was found that the expense to be borne by the property benefited was the sum of $3,209.30. Thereupon, the city, by resolution, directed the "Committee on Streets and Ditches" to prepare an assessment roll including all property located in said improvement district, and to file the same as required by law. Such roll was subsequently made. Twenty-six lots which were named as being within the assessment district were not assessed for any part of the cost of the subsewer.

The contention of the appellants is that it was incumbent upon the city, having created the assessment district, to assess each lot within the district, and that, because these omitted

4—73 WASH.

lots were not assessed, that all the remaining lots were compelled to bear a greater proportion of the cost of the sewer than if the lots so omitted had been assessed. This latter statement, of course, is manifest.

The statute provides (Rem. & Bal. Code, § 7707):

"That such improvement shall be made, and that the cost and expense thereof shall be taxed and assessed upon all the property in such local improvement district, which cost shall be assessed in proportion to the benefits derived by said improvement."

It is plain from this provision, and the general rule is, that, in an assessment district, property which is not benefited by the improvement is not liable to assessment. Dillon, Municipal Corporations (5th ed.), § 1458.

There is no showing, either in the pleadings or in the agreed statement of facts, to the effect that these twenty-six lots which were omitted from the assessment roll were benefited by the construction of the sewer. If they are not benefited, they are not liable to assessment. It is not alleged in the complaint, and there is no showing to the effect, that the property which was assessed within the district was not benefited to the extent of the assessment. The presumption, of course, is that the officers who made the assessment did their duty and assessed all of the property according to the benefits received.

"Every reasonable presumption is made in favor of the regularity and propriety of the action of public officers. Accordingly, a property owner who complains of the omission of land from a local assessment must show affirmatively that such land was benefited by such improvement and that the omission thereof was improper. The mere fact that certain land was omitted from the assessment is not sufficient to invalidate the assessment unless the complainant further shows that such property should have been included. The fact that after an assessment has been levied, the city confesses in court that certain property is not benefited thereby and that the court accordingly sets aside such assessment as to such property, does not, in the absence of fraud or of a showing that the

omitted property was in fact benefited, invalidate the assessment as to the remaining property. The mere fact that contiguous property is not assessed does not invalidate the assessment in the absence of a showing that such property is benefited, where the assessment is to be levied on property benefited and there has been no determination that contiguous property has been benefited." 1 Page and Jones, Taxation by Assessment, § 643.

Under this rule, it is quite clear that the mere fact of omission of certain property within the district does not invalidate the assessment upon the other property, especially where there is no showing that the assessing officers acted arbitrarily or fraudulently. The court, therefore, properly refused to set aside the assessment.

The judgment is affirmed.

CROW, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.