[No. 9950. *En Banc.* April 17, 1915.]

C. G. GERLACH, *Appellant,* v. THE CITY OF SPOKANE, *Respondent.*[1]

MUNICIPAL, CORPORATIONS — PUBLIC IMPROVEMENTS — ASSESSMENT DISTRICTS. The fact that a city makes an improvement district including several streets and blocks is not a violation of a charter provision limiting assessment districts to within 150 feet of the side lines of the street improved, where, by a proper system of bookkeeping, property was assessed with reference only to the street lying within 150 feet of the particular lot assessed.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS— UNEQUAL ASSESSMENTS. The assessment of lots within an assessment district at the ratio of fifty per cent for the first lot, thirty per cent for the next, and twenty per cent for the succeeding one, does not raise a conclusion of law that the property is not assessed according to relative benefits, since the presumption is that the improvement is a benefit and the assessment fair; and the burden is upon the property owner to establish otherwise.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS— ADDITIONAL ASSESSMENTS. The exemption of certain lots within a street assessment district from levy for the building of a drainage system included in the improvement was proper, where the cost of

[1]Reported in 147 Pac. 870.

5—85 WASH.

drainage had theretofore been assessed against them, they were not in the same relative situation as the lots assessed, and the improvement was not essential to their use and enjoyment.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 1, 1911, in favor of the defendant, confirming an assessment roll for a public improvement, upon appeal from the city council. Modified.

*S. P. Domer (Harris Baldwin, of counsel), for appellant.*

*A. M. Craven, William E. Richardson, John E. Orr, and Allen & Allen,* for respondent.

## ON REHEARING.

CHADWICK, J.—Appellant, upon reargument, has submitted all of the questions raised in the former brief.

We have reexamined the record, reread the original briefs and the former opinion of the court (68 Wash. 589, 124 Pac. 121), and we are satisfied with the rulings therein made. It is, however, most earnestly contended that our decision in this case was in terms violated by our decision in the case of *Cook v. Spokane,* 69 Wash. 526, 125 Pac. 776, and *Pratt v. Spokane,* 69 Wash. 701, 125 Pac. 777. It is said that these decisions are diametrically opposed to our former holding in the case.

It seems to us that counsel has misconceived our former holding. We did not hold that a city could make an assessment district extending beyond the end of a district, or that it could extend more than 150 feet on either side of the street improved. It will be remembered that the district was extended over several blocks in width and a greater number of blocks in length, and while it was apparently a district greater in extent than was authorized by the statute, it was not so in fact; that, by a proper method of bookkeeping, the property was assessed with reference only to the street lying within 150 feet of the particular lot assessed. In other words, we held that it was competent for the city

council, in the interest of economy, to call for bids cover-
ing a whole district, where, if bids had been requested cov-
ering the same territory but cut into particular strips
of 150 feet in width on each side of the street, the cost
would have been greater to the taxpayer; that, so long as
the taxpayer was not called upon to pay more than he
would have paid if the two strips of 150 feet each had been
separately bid upon, he had no just cause of complaint.
We held no more than this in the *Cook* and *Pratt* cases.
That is to say, under the same law and charter provisions
the city council of Spokane could not extend the side lines of
an assessment district more than 150 feet beyond the side line
of the street improved.

It is contended that the ordinance under which the im-
provement was made provided that the property should be
assessed according to relative benefits; that it was in fact
assessed according to what is known as the zone system.
We think it does not follow as a conclusion of law that the
property is not assessed according to the relative benefits
because the first lot is assessed fifty per cent, the next thirty
per cent, and the next one twenty per cent.

It was held in *Powell v. Walla Walla*, 64 Wash. 582, 117
Pac. 389, and *Northern Pac. R. Co. v. Seattle*, 46 Wash.
674, 91 Pac. 244, 123 Am. St. 955, 12 L. R. A. (N. S.)
121, that there are certain presumptions attending proceed-
ings of this kind, among them that an improvement is a ben-
efit; second, that the assessment is fair. In our original
opinion in this case, we held that the burden was upon the
property owner to show that the assessment was greater
than the benefit, citing and quoting from *Alexander v. Ta-
coma*, 35 Wash. 366, 77 Pac. 686, wherein it was said:

"The assessment to be overturned in this proceeding must
be void on its face, and it could only be void for the reason
here given on the theory that under no conceivable condi-
tions could lots abutting upon an improvement be equally
benefited thereby. But so far from this being impossible,

it would seem that it would be found to actually exist in many instances."

Counsel contends, also, that the assessment is void because the levy for the building of the drainage system was not made over all the property included within the street assessment district. The drainage system was to gather the surface waters accumulating upon the pavements within the area included within the improvement district. Certain lots were exempted. If they had not been exempted by the council the property owners might have insisted, by separate proceedings, that they be relieved of the burden of the tax, for the record shows that the cost of drainage had been theretofore assessed to these lots; that they were not in the same relative situation, and that the improvement was not essential to their use and enjoyment. The lots could not have been twice assessed because there was no benefit to sustain it. *Seattle Mattress & Upholstery Co. v. Seattle,* 69 Wash. 666, 125 Pac. 1013; *Aumiller v. North Yakima,* 73 Wash. 96, 131 Pac. 470.

The question of the right of the city to fix a minimum wage was decided on rehearing in the case of *Malette v. Spokane,* 77 Wash. 205, 137 Pac. 496, 51 L. R. A. (N. S.) 686, and is not considered or passed upon in this case. In all other things we adhere to our former holding.

MORRIS, C. J., MOUNT, MAIN, PARKER, and ELLIS, JJ., concur.