[No. 12702. Department Two. May 13, 1916.]

GRACE M. NICHOLS et al., Respondents, v. THE CITY OF SPOKANE, Appellant.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—REASSESSMENTS —SUBSEQUENT STATUTES. As the legislature may authorize a reassessment even where the work was ordered done without any initial jurisdiction or power in the city, a reassessment may be made under an act passed subsequent to the making of the improvement and the original assessment roll.

SAME—REASSESSMENT—APPORTIONMENT — STATUTES. A reassessment being a proceeding de novo in which the council may enlarge the district, a reassessment upon an enlarged district need not be made in accordance with the five-zone system, as required of original assessments by 3 Rem. & Bal. Code, § 7892-13; there being no such statutory requirement for reassessments.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 5, 1915, setting aside reassessment rolls for public improvements, on appeal

[1]Reported in 157 Pac. 863.

from an order of the city council confirming the rolls. Reversed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*F. W. Girand, Robertson & Miller,* and *Skuse & Morrill,* for respondents.

MAIN, J.—This is an appeal by the city of Spokane from five judgments of the superior court for Spokane county, annulling and setting aside certain reassessment rolls for local improvements. After notices of appeal had been served, it was stipulated by the parties that the five cases should be consolidated and considered as one upon appeal.

The original assessment was attempted to be made under the provisions of the city charter of the city of Spokane as it then existed. It was composed of three zones. Each of the zones comprised one-third of the distance back from the marginal lines of the improvement to the rear limits of the assessment district. According to the original roll, each of these zones bore a certain percentage of the cost. In *Cook v. Spokane,* 69 Wash. 526, 125 Pac. 776, the original roll was held invalid as to the second and third zones. In other words, the assessment was held invalid because the city charter of the city of Spokane did not permit an assessment outside of the one hundred and fifty foot limits from the marginal lines of the improvement.

The local improvement code, Laws of 1911, ch. 98, p. 441 (3 Rem. & Bal. Code, § 7892-1), was passed by the legislature subsequent to the time when the original assessment roll was made. The reassessment in question was made under the provisions of that code. The original assessment for the first zone, or covering the first one hundred and fifty feet from the marginal lines of the improvement, having been sustained in *Cook v. Spokane, supra,* in the reassessment the inner boundaries were fixed at one hundred and fifty feet from the marginal lines of the improvement, or the outer lines of

the original improvement so far as it was held to be valid. In the reassessment roll was included the property as to which the original assessment roll had been held invalid. From the facts stated, it thus appears that, at the time the original assessment was made, there was no law authorizing an assessment of the property covered in the reassessment roll.

The first question is whether, there being no law authorizing the assessment of this property at the time the original assessment was made, it can be reassessed under a law subsequently passed. Upon this question the rule is that the legislature can authorize a reassessment even where the work was ordered and done without any initial jurisdiction or power in the city. *Kuehl v. Edmonds, ante* p. 195, 157 Pac. 850; *Eggerth v. Spokane, ante* p. 221, 157 Pac. 859. In the case last cited, it was said:

"The legislature can authorize a reassessment even where the work was ordered and done without any initial jurisdiction or power in the city."

The two cases cited have been only recently decided by this court, and the question is there fully discussed. Upon the authority of those cases, it must be held that the city had the power in the present case to make the reassessment under the provisions of the local improvement code, which was passed subsequent to the time when the improvement was made and the original assessment roll prepared.

It is next claimed that the reassessment is invalid because not laid in accordance with the five-zone system, as provided in §§ 13 and 14 of the local improvement code. Laws 1911, pp. 446, 448 (3 Rem. & Bal. Code, §§ 7892-13, 7892-14). The provisions of the code which cover the matter of reassessment are found in Laws 1911, pp. 468, 469, 471, §§ 42, 43, and 44 (3 Rem. & Bal. Code, §§ 7892-42, 7892-43, 7892-44). Under § 13 (Id., § 7892-13), the original improvement district, unless otherwise provided by ordinance, shall include the property within the termini of the improvement to a distance back from the marginal lines thereof to the center of

the blocks facing or abutting thereon. In such a district, the section further provides that the assessment shall be laid in accordance with the five-zone system therein specified. In the recent case of *Eggerth v. Spokane, supra,* it was held that the reassessment is a proceeding *de novo,* and that the city council has the power to enlarge the district for the purpose of reassessment. It was there said:

"The reassessment is a proceeding *de novo.* There can be no question of the council's power to enlarge the district for the purpose of reassessment."

The reassessment in question is upon an enlarged district because it extends back from the marginal lines of the improvement a greater distance than that fixed in the statute for the original district when the city council does not provide for an enlarged district to be covered by the original roll. The question then is, must the reassessment covering the enlarged district be laid in accordance with the five-zone system? To determine this question recourse must be had to the sections of the statute covering the matter of reassessment. In the sections of the statute authorizing a reassessment upon an enlarged district, we find no provision which requires that the assessment shall be spread in accordance with the five-zone system. It follows, therefore, that in this case the reassessment roll is not invalid because not laid in accordance with the five-zone system.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment confirming the reassessment roll.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.